E-FILED
Wednesday, 13 April, 2016  11:19:37 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

CENTRAL ILLINOIS CARPENTERS HEALTH )
& WELFARE TRUST FUND, CARPENTERS )
PENSION FUND OF ILLINOIS, CARPENTERS )
RETIREMENT SAVINGS FUND OF ILLINOIS, )
HEARTLAND HEALTHCARE FUND, )
                                    )
              Plaintiffs,           )
                                    )
v.                                  )    No.    16-3102
                                    )
ACS CONSTRUCTION, LLC,              )
                                    )
              Defendant.            )

## COMPLAINT

NOW COME Plaintiffs, Central Illinois Carpenters Health & Welfare Trust Fund *et al.*, by their attorneys, CAVANAGH & O'HARA LLP, complaining of the Defendant, ACS Construction, LLC, and allege as follows:

## COUNT I

## ALTER EGO LIABILITY
## HEALTH AND WELFARE FUND

1.      This is a civil action under the Employee Retirement Income Security Act of 1974, as amended from time to time and codified at 29 U.S.C. §1001 *et seq.* ("ERISA") and the Labor Management Relations Act of 1947, as amended from time to time and codified at 29 U.S.C. §141 *et seq.* ("LMRA").

2.      Federal District Courts have exclusive jurisdiction under ERISA over civil actions like the present action.   (*See* 29 U.S.C. §1132).

3.      The Central Illinois Carpenters Health & Welfare Trust Fund ("Plaintiff") is an employee benefit fund maintained in accordance with the provisions of ERISA and the LMRA, and administered pursuant to the terms and provisions of an Agreement and Declaration of Trust, as amended and restated (the "Agreement and Declaration of Trust").   (A copy of the Agreement and Declaration of Trust is attached hereto as Exhibit "A" and fully incorporated herein and made a part hereof by this reference).

4.      Plaintiff receives contributions from numerous employers, and therefore, is a multiemployer plan.   (*See* 29 U.S.C. §1002).

5.      Venue is proper in this action in a federal District Court where the breach took place, where a defendant resides or may be found, or where the plan is administered.   (*See* §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2)).

6.      The place of business of Plaintiff is in Logan County, Illinois at the address of 200 S. Madigan Drive, Lincoln, Illinois 62656, where the plan is administered, and which is located within the venue of the District Court for the Central District of Illinois.

7.      A judgment was entered by this Court in favor of the Plaintiff and against Interior Construction, Inc. and Acoustical Ceiling Specialist LLC on or about April 3, 2013, in case no.: 11-3405.

8.      Interior Construction was an "Employer" engaged in an industry within the meaning of 29 U.S.C. §§1002 (5), (11), (12) and (14), and was signatory to, and/or otherwise bound by, certain collective bargaining agreements (Copies of the collective bargaining agreements are attached hereto as Exhibit "B" and fully incorporated herein and made a part hereof by this reference).

10.     Under the collective bargaining agreements, Interior Construction, Inc. was obligated to make payment to Plaintiff of fringe benefit contributions owed for each hour of bargaining unit work performed by its employees.

11.     Acoustical Ceiling Specialist LLC was determined to be an alter ego of Interior Construction, Inc. by this Court in case no.: 11-3405, and therefore adjudicated to be liable for contributions owed to Plaintiff by Interior Construction, Inc. under the collective bargaining agreements.

12.     Interior Construction, Inc., and Acoustical Ceiling Specialist LLC were found to have violated ERISA by failing to pay all of the fringe benefit contributions that were due to Plaintiff under the collective bargaining agreements.

13.     Under the judgment that was entered in favor of the Plaintiff, Interior Construction, Inc. and Acoustical Ceiling Specialist LLC were adjudicated to owe Plaintiff, jointly and severally, the sum of $35,170.93, which sum remains due.

14.     On or about February 24, 2015, ACS Construction, LLC was recognized as a limited liability company by the state of Iowa.

15.     Upon information and belief, ACS Construction, LLC performs bargaining unit work, and the same type of work that was performed by Interior Construction, Inc. and Acoustical Ceiling Specialist LLC.

16.     Upon information and belief, ACS Construction, LLC has common officers and/or ownership to Interior Construction, Inc. and Acoustical Ceiling Specialist LLC.

17.     Upon information and belief, ACS Construction, LLC uses the equipment of Interior Construction, Inc. and/or Acoustical Ceiling Specialist LLC in performing work.

18.     Upon information and belief, ACS Construction, LLC, Interior Construction, Inc. and Acoustical Ceiling Specialist LLC have all operated from the same place of business.

19.     Upon information and belief, ACS Construction, LLC has used the names Interior Construction, Inc. and/or Acoustical Ceiling Specialist LLC in connection with the use of its own name when performing work.

20.     Upon information and belief, Interior Construction, Inc. and Acoustical Ceiling Specialist LLC are doing business as ACS Construction, LLC.

21.     Upon information and belief, ACS Construction, LLC, is a disguised continuance of Interior Construction, Inc. and Acoustical Ceiling Specialist LLC, and participated with Interior Construction, Inc. and Acoustical Ceiling Specialist LLC in avoiding the obligations of Interior Construction, Inc. and Acoustical Ceiling Specialist LLC under §1145 of ERISA and the terms of the collective bargaining agreements.

22.     Upon information and belief, ACS Construction, LLC is the alter ego of Interior Construction, Inc. and Acoustical Ceiling Specialist LLC.

23.     As the alter ego of Interior Construction, Inc. and Acoustical Ceiling Specialist LLC, ACS Construction, LLC is directly bound to Interior Construction, Inc.'s collective bargaining agreements.

24.     As the alter ego of Interior Construction, Inc. and Acoustical Ceiling Specialist LLC, ACS Construction, LLC is directly liable for the obligations of Interior Construction, Inc. and Acoustical Ceiling Specialist LLC, including the obligations owed to Plaintiff under Interior Construction, Inc.'s collective bargaining agreements.

25.     As the alter ego of Interior Construction, Inc. and Acoustical Ceiling Specialist LLC, ACS Construction, LLC is directly liable to the Plaintiff for the amounts owed to Plaintiff by

Interior Construction, Inc. and Acoustical Ceiling Specialist LLC, including the judgment of sum of $35,170.93 that was awarded to Plaintiff in case no.: 11-3405.

WHEREFORE, Plaintiff prays as follows:

A.   That the Court find that Defendant, ACS Construction, LLC, is the alter ego of Interior Construction, Inc. and Acoustical Ceiling Specialist LLC, and hold Defendant, ACS Construction, LLC, liable for the obligations and debts of Interior Construction, Inc. and Acoustical Ceiling Specialist LLC under the collective bargaining agreements;

B.   That Defendant be decreed to pay to the Plaintiff all such monies determined to be due and owing to Plaintiff at the time Judgment is entered, including without limitation fringe benefit contributions, liquidated damages, interest, and attorneys' fees and costs;

C.   That judgment is entered in favor of Plaintiff, Central Illinois Carpenters Health & Welfare Trust Fund, and against Defendant, ACS Construction, LLC, in the sum of $35,170.93, plus all such other amounts determined to be due and owing to Plaintiff at the time judgment is entered, including without limitation fringe benefit contributions, liquidated damages, interest, and attorneys' fees and costs;

D.   That the Court find that Defendant, ACS Construction, LLC is bound by the provisions of the collective bargaining agreements;

E.   That the Court order Defendant, ACS Construction, LLC, to perform all of the obligations a signatory employer owes to the Plaintiff under the collective bargaining agreements;

F.   That Defendant, ACS Construction, LLC, is decreed to pay to Plaintiff its reasonable attorneys' fees and costs, as provided by ERISA (29 U.S.C. Section 1132(g)(2));

G.   That Defendant, ACS Construction, LLC, is decreed to pay all costs attendant to these proceedings;

H.      That Plaintiff is awarded, at the cost of Defendant, ACS Construction, LLC, such further and other relief as may be available under ERISA, the applicable trust and labor agreements or as is otherwise just and equitable.

## COUNT II

## ALTER EGO LIABILITY
## PENSION AND RETIREMENT FUNDS

1.      This is a civil action under the Employee Retirement Income Security Act of 1974, as amended from time to time and codified at 29 U.S.C. §1001 *et seq.* ("ERISA") and the Labor Management Relations Act of 1947, as amended from time to time and codified at 29 U.S.C. §141 *et seq.* ("LMRA").

2.      Federal District Courts have exclusive jurisdiction under ERISA over civil actions like the present action.   (*See* 29 U.S.C. §1132).

3.      The Carpenters Pension Fund of Illinois and Carpenters Retirement Savings Fund of Illinois ("Plaintiffs") are employee benefit funds maintained in accordance with the provisions of ERISA and the LMRA, and administered, respectively, pursuant to the terms and provisions of an Agreement and Declaration of Trust, as amended and restated (the "Agreements and Declarations of Trust").   (A copy of the Agreements and Declarations of Trust for each Plaintiff are attached hereto, respectively, as Exhibits "C" and "D", and fully incorporated herein and made a part hereof by this reference).

4.      Plaintiffs receive contributions from numerous employers, and therefore, are a multiemployer plan.   (*See* 29 U.S.C. §1002).

5.      A judgment was entered by this Court in favor of the Plaintiffs and against Interior Construction, Inc. and Acoustical Ceiling Specialist LLC on or about April 3, 2013, in case no.:

11-3405.

6.     Interior Construction was an "Employer" engaged in an industry within the meaning of 29 U.S.C. §§1002 (5), (11), (12) and (14), and was signatory to, and/or otherwise bound by, certain collective bargaining agreements (A copy of the collective bargaining agreements are attached hereto as Exhibit "B" and fully incorporated herein and made a part hereof by this reference).

7.     Under the collective bargaining agreements, Interior Construction, Inc. was obligated to make payment to Plaintiffs of fringe benefit contributions owed for each hour of bargaining unit work performed by its employees.

8.     Acoustical Ceiling Specialist LLC was determined to be an alter ego of Interior Construction, Inc. by this Court in case no.: 11-3405, and therefore adjudicated to be liable for contributions owed to Plaintiffs by Interior Construction, Inc. under the collective bargaining agreements.

9.     Interior Construction, Inc., and Acoustical Ceiling Specialist LLC were found to have violated ERISA by failing to pay all of the fringe benefit contributions that were due to Plaintiffs under the collective bargaining agreements.

10.     Under the judgment that was entered in favor of the Plaintiffs, Interior Construction, Inc. and Acoustical Ceiling Specialist LLC were adjudicated to owe Plaintiffs, jointly and severally, the sum of $45,404.39, which sum remains due.

11.     On or about February 24, 2015, ACS Construction, LLC was recognized as a limited liability company by the state of Iowa.

12.     Upon information and belief, ACS Construction, LLC performs bargaining unit work, and the same type of work that was performed by Interior Construction, Inc. and Acoustical

Page **7** of **12**

Ceiling Specialist LLC.

13.     Upon information and belief, ACS Construction, LLC has common officers and/or ownership to Interior Construction, Inc. and Acoustical Ceiling Specialist LLC.

14.     Upon information and belief, ACS Construction, LLC uses the equipment of Interior Construction, Inc. and/or Acoustical Ceiling Specialist LLC in performing work.

15.     Upon information and belief, ACS Construction, LLC, Interior Construction, Inc. and Acoustical Ceiling Specialist LLC have all operated from the same place of business.

16.     Upon information and belief, ACS Construction, LLC has used the names Interior Construction, Inc. and/or Acoustical Ceiling Specialist LLC in connection with the use of its own name when performing work.

17.     Upon information and belief, Interior Construction, Inc. and Acoustical Ceiling Specialist LLC are doing business as ACS Construction, LLC.

18.     Upon information and belief, ACS Construction, LLC, is a disguised continuance of Interior Construction, Inc. and Acoustical Ceiling Specialist LLC, and participated with Interior Construction, Inc. and Acoustical Ceiling Specialist LLC in avoiding the obligations of Interior Construction, Inc. and Acoustical Ceiling Specialist LLC under §1145 of ERISA and the terms of the collective bargaining agreements.

19.     Upon information and belief, ACS Construction, LLC is the alter ego of Interior Construction, Inc. and Acoustical Ceiling Specialist LLC.

20.     As the alter ego of Interior Construction, Inc. and Acoustical Ceiling Specialist LLC, ACS Construction, LLC is directly bound to Interior Construction, Inc.'s collective bargaining agreements.

21.     As the alter ego of Interior Construction, Inc. and Acoustical Ceiling Specialist

LLC, ACS Construction, LLC is directly liable for the obligations of Interior Construction, Inc. and Acoustical Ceiling Specialist LLC, including the obligations owed to Plaintiffs under Interior Construction, Inc.'s collective bargaining agreements.

22.     As the alter ego of Interior Construction, Inc. and Acoustical Ceiling Specialist LLC, ACS Construction, LLC is directly liable to the Plaintiffs for the amounts owed to Plaintiffs by Interior Construction, Inc. and Acoustical Ceiling Specialist LLC, including the judgment of sum of $45,404.39 that was awarded to Plaintiff in case no.: 11-3405.

WHEREFORE, Plaintiff prays as follows:

A.     That the Court find that Defendant, ACS Construction, LLC, is the alter ego of Interior Construction, Inc. and Acoustical Ceiling Specialist LLC, and hold Defendant, ACS Construction, LLC, liable for the obligations and debts of Interior Construction, Inc. and Acoustical Ceiling Specialist LLC under the collective bargaining agreements;

B.     That Defendant be decreed to pay to the Plaintiffs all such monies determined to be due and owing to Plaintiffs at the time Judgment is entered, including without limitation fringe benefit contributions, liquidated damages, interest, and attorneys' fees and costs;

C.     That judgment is entered in favor of Plaintiffs, Carpenters Pension Fund of Illinois and Carpenters Retirement Savings Fund of Illinois, and against Defendant, ACS Construction, LLC, in the sum of $45,404.39, plus all such other amounts determined to be due and owing to Plaintiffs at the time judgment is entered, including without limitation fringe benefit contributions, liquidated damages, interest, and attorneys' fees and costs;

D.     That the Court find that Defendant, ACS Construction, LLC is bound by the provisions of the collective bargaining agreements;

E.     That the Court order Defendant, ACS Construction, LLC, to perform all of the

obligations a signatory employer owes to the Plaintiffs under the collective bargaining agreements;

      F.      That Defendant, ACS Construction, LLC, is decreed to pay to Plaintiffs their reasonable attorneys' fees and costs, as provided by ERISA (29 U.S.C. Section 1132(g)(2));

      G.      That Defendant, ACS Construction, LLC, is decreed to pay all costs attendant to these proceedings;

      H.      That Plaintiffs are awarded, at the cost of Defendant, ACS Construction, LLC, such further and other relief as may be available under ERISA, the applicable trust and labor agreements or as is otherwise just and equitable.

## COUNT III

## ALTER EGO LIABILITY
## HEARTLAND HEALTHCARE FUND

      1.      This is a civil action under the Employee Retirement Income Security Act of 1974, as amended from time to time and codified at 29 U.S.C. §1001 *et seq.* ("ERISA") and the Labor Management Relations Act of 1947, as amended from time to time and codified at 29 U.S.C. §141 *et seq.* ("LMRA").

      2.      Federal District Courts have exclusive jurisdiction under ERISA over civil actions like the present action.   (*See* 29 U.S.C. §1132).

      3.      The Heartland Healthcare Fund ("Plaintiff") is an employee benefit fund maintained in accordance with the provisions of ERISA and the LMRA, and administered pursuant to the terms and provisions of an Agreement and Declaration of Trust, as amended and restated (the "Agreement and Declaration of Trust").   (A copy of the Agreement and Declaration of Trust is attached hereto as Exhibit "E" and fully incorporated herein and made a part hereof by

this reference).

4.      Plaintiff receives contributions from numerous employers, and therefore, is a multiemployer plan.   (*See* 29 U.S.C. §1002).

5-10.   Plaintiff re-asserts and re-alleges paragraphs 7 through 12 of Count I as paragraphs 5 through 10 of Count III as if fully set forth herein.

11.      Under the judgment that was entered in favor of the Plaintiff, Interior Construction, Inc. and Acoustical Ceiling Specialist LLC were adjudicated to owe Plaintiff, jointly and severally, the sum of $26,270.80, which sum remains due.

12-22.  Plaintiff re-asserts and re-alleges paragraphs 14 through 24 of Count I as paragraphs 12 through 22 of Count III as if fully set forth herein.

23.      As the alter ego of Interior Construction, Inc. and Acoustical Ceiling Specialist LLC, ACS Construction, LLC is directly liable to the Plaintiff for the amounts owed to Plaintiff by Interior Construction, Inc. and Acoustical Ceiling Specialist LLC, including the judgment of sum of $26,270.80 that was awarded to Plaintiff in case no.: 11-3405.

WHEREFORE, Plaintiff prays as follows:

A.      That the Court find that Defendant, ACS Construction, LLC, is the alter ego of Interior Construction, Inc. and Acoustical Ceiling Specialist LLC, and hold Defendant, ACS Construction, LLC, liable for the obligations and debts of Interior Construction, Inc. and Acoustical Ceiling Specialist LLC under the collective bargaining agreements;

B.      That Defendant be decreed to pay to the Plaintiff all such monies determined to be due and owing to Plaintiff at the time Judgment is entered, including without limitation fringe benefit contributions, liquidated damages, interest, and attorneys' fees and costs;

C.      That judgment is entered in favor of Plaintiff, Heartland Healthcare Fund, and

against Defendant, ACS Construction, LLC, in the sum of $26,270.80, plus all such other amounts determined to be due and owing to Plaintiff at the time judgment is entered, including without limitation fringe benefit contributions, liquidated damages, interest, and attorneys' fees and costs;

D.     That the Court find that Defendant, ACS Construction, LLC is bound by the provisions of the collective bargaining agreements;

E.     That the Court order Defendant, ACS Construction, LLC, to perform all of the obligations a signatory employer owes to the Plaintiff under the collective bargaining agreements;

F.     That Defendant, ACS Construction, LLC, is decreed to pay to Plaintiff its reasonable attorneys' fees and costs, as provided by ERISA (29 U.S.C. Section 1132(g)(2));

G.     That Defendant, ACS Construction, LLC, is decreed to pay all costs attendant to these proceedings;

H.     That Plaintiff is awarded, at the cost of Defendant, ACS Construction, LLC, such further and other relief as may be available under ERISA, the applicable trust and labor agreements or as is otherwise just and equitable.

CENTRAL ILLINOIS CARPENTERS HEALTH & WELFARE TRUST FUND *et al*., Plaintiffs,


By:     s/ John P. Leahy
        JOHN P. LEAHY
        CAVANAGH & O'HARA LLP
        Attorneys for Plaintiffs
        2319 W. Jefferson Street
        Springfield, IL 62702
        (217) 544-1771 – Telephone
        (217) 544-9894 – Facsimile
        johnleahy@cavanagh-ohara.com